IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> MSPPR, LLC, <br><br> Defendant. | No. 20-cv-03308 <br><br> Judge John F. Kness |

**MEMORANDUM OPINION AND ORDER**

In this declaratory judgment action concerning an insurance dispute, Plaintiff West Bend Mutual Insurance Company asks the Court to remand the case to the Illinois forum from which it was removed. (Dkt. 13.) In Plaintiff's view, because the removing Defendant is a citizen of Illinois, removal was improper under the "forum-defendant rule" found at 28 U.S.C. § 1441(b)(2). Defendant MSPPR, LLC counters that the forum-defendant rule does not apply where, as here, the removal was taken before the defendant was served with process. As explained below, because Defendant's view is compelled by the plain text of the governing statute, removal of the case was not improper. Accordingly, Plaintiff's motion to remand is denied.

**I. BACKGROUND**

On April 17, 2020, West Bend, an insurance company, filed this declaratory judgment action against its insured, MSPPR, in the Circuit Court of Cook County, Illinois. (Dkt. 1-1.) West Bend alleged that MSPPR should be required to participate

in an appraisal process described in MSPPR's policy. (*Id.* at 5.) On June 4, 2020, before being served with a summons, MSPPR removed the action to this Court. (Dkt. 1.)[1] West Bend moved to remand, arguing that, because MSPPR's sole member is a citizen of Illinois, 28 U.S.C. § 1441(b)(2) (the "forum-defendant rule") should apply to defeat removal. (Dkt. 13.) That motion, which is fully briefed (Dkt. 13-1, Dkt. 16, Dkt. 17), is now before the Court for resolution.

## II. ANALYSIS

A defendant may remove any action filed in state court that may have originally been filed in federal court. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state. . . ." 28 U.S.C. § 1332(a). In this case, there is no dispute that West Bend is a foreign corporation, and MSPPR is an LLC whose sole member is a citizen of Illinois. (Dkt. 1 ¶ 17; Dkt. 1-1 at 2.) There is also no dispute that the controversy exceeds $75,000 in value.

As ever, there are exceptions that apply to preclude removal under Section 1441. A defendant seeking to remove a case to federal court based on diversity of citizenship "must also clear the additional hurdle of . . . the forum defendant rule."

---

[1] When a properly joined defendant removes a case before being served, as MSPPR did here, it is known as a "snap removal." *See Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020); *see also* 14C Fed. Prac. & Proc. Supplemental Service § 3730.

*Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013) (cleaned up). The forum defendant rule provides:

> A civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2). West Bend argues Section 1441(b)(2) should apply because Illinois is MSPPR's home forum. (Dkt. 13 at 1.)

MSPPR responds that that the forum-defendant rule should not apply because 28 U.S.C. § 1441(b)(2), by its terms, applies only to defendants that are "properly joined and served." (Dkt. 16 at 1.) Because MSPPR was not yet served, it contends that the forum-defendant rule does not apply in this case. (*Id.*) West Bend replies that, regardless of what the plain text of the rule says, denying remand would defeat the fundamental purpose of the forum-defendant rule: to prevent removal when a plaintiff sues in the defendant's home forum. (Dkt. 17 at 1-2.)

Courts in the Northern District of Illinois are divided on this issue. Some courts (the "plain text" or "plain meaning" school) interpret the statute to mean exactly what it says—that a defendant must be properly joined and served for the forum defendant rule to bar removal. *See Grandinetti v. Uber Techs., Inc.*, 2020 WL 4437806, at *7 (N.D. Ill. Aug. 1, 2020); *D.C. v. Abbott Labs, Inc.*, 323 F. Supp. 3d 991, 994 (N.D. Ill. 2018); *Graff v. Leslie Hindman Auctioneers, Inc.*, 299 F. Supp. 3d 928, 934 (N.D. Ill. 2017); *Selective Ins. Co. of S. Carolina v. Target Corp.*, 2013 WL 12205696, at *1 (N.D. Ill. Dec. 13, 2013); *Maple Leaf Bakery v. Raychem Corp.*, 1999 WL 1101326, at *1 (N.D. Ill. Nov. 29, 1999). Others (the "purpose-based" school) find this approach overly

3

formalistic and hold that the purpose of the statute—to bar removal when the defendant is at home—is defeated by allowing an at-home defendant to remove. *See Kern v. Krso*, 2020 WL 3960509, at *4 (N.D. Ill. Jul. 13, 2020); *In re Testosterone Replacement Therapy Prod. Liab. Litig.*, 67 F. Supp. 3d 952, 962 (N.D. Ill. 2014); *Grimard v. Montreal, Maine & Atl. Ry., Inc.*, 2013 WL 4777849, at *2 (N.D. Ill. Sept. 5, 2013); *Vivas v. Boeing Co.*, 486 F. Supp. 2d 726, 734-35 (N.D. Ill. 2007). The Seventh Circuit has not resolved the split. *See Grandinetti*, 2020 WL 4437806, at *7 (citing *D.C.*, 323 F. Supp. 3d at 993).

Courts outside of the Seventh Circuit are split on the issue, although, for whatever it's worth, decisions that adopt the plain-text approach tend to be more recent. *Cf. Texas Brine*, 955 F.3d at 486-88 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 707 (2d Cir. 2019) (" . . . the result here—that a home-state defendant may in limited circumstances remove actions filed in state court on the basis of diversity of citizenship—is authorized by the text of Section 1441(b)(2) and is neither absurd nor fundamentally unfair. We therefore have no reason to depart from the statute's express language. . . ."); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153-54 (3d Cir. 2018) (similar) *with Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981) ("Despite the 'joined and served' provision of section 1441(b), the prevailing view is that the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal"); *Preaseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74, 78 (9th Cir. 1979); *see also Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939)

4

("the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant").[2]

Although there is merit to both sides of the debate, the plain-text approach, which aligns better with accepted principles of statutory construction, is more fundamentally sound. When "interpreting statutes, first and foremost, we give words their plain meaning unless doing so would [1] frustrate the overall purpose of the statutory scheme, [2] lead to absurd results, or [3] contravene clearly expressed legislative intent." *United States v. Vallery*, 437 F.3d 626, 630 (7th Cir. 2006); *Jefferson v. United States*, 546 F.3d 477, 483 (7th Cir. 2008) (same); *see also Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 251 (2010) (courts "must enforce plain and unambiguous statutory language"). Section 1441(b)(2) is plain and unambiguous: only a "properly joined and served" defendant is a forum defendant barred from removing an action. 28 U.S.C. § 1441(b)(2). MSPPR was not served in the state court action, and it was therefore entitled to remove unless one of the three exceptions identified in *Vallery* applies.

None of those exceptions applies here. *First*, allowing snap removal does not frustrate the overall purpose of the statutory scheme. The purpose of diversity jurisdiction is to "prevent local prejudice." *Betar v. De Havilland Aircraft of Canada, Ltd.*, 603 F.2d 30, 35 (7th Cir. 1979); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 85 (2010) (the purpose of diversity jurisdiction is to protect defendants who "might otherwise suffer from local prejudice"). Allowing snap removal does not encourage

---

[2] *Jenkins* was decided before 28 U.S.C. § 1441(b)(2) was adopted.

5

local prejudice. Just the opposite: it allows more cases to be removed from local courts. To be sure, a snap removal might frustrate a plaintiff's choice of forum. But because the concept of diversity jurisdiction itself limits plaintiffs' ability to choose the forum when the parties are diverse, that objection is of marginal effect. What matters here is the purpose of *this* statutory scheme, and where the goal is to prevent local prejudice, a rule permitting removal unless the terms of the forum defendant rule are strictly met does not frustrate that purpose.

*Second*, allowing snap removal does not lead to absurd results. In statutory interpretation, an "absurdity is not mere oddity. The absurdity bar is high, as it should be. The result must be preposterous, one that no reasonable person could intend." *Texas Brine Co.*, 955 F.3d at 486 (quotation omitted). Snap removals narrow the scope of the forum defendant rule and defeat its applications in many cases, but they are confined to scenarios where the defendant has not been served. Accordingly, the forum defendant rule is not vitiated entirely. And while it may be said that snap removals allow many defendants to remove when there is little or no risk of local prejudice, it is not absurd to narrow the application of a rule so that it does not encompass every scenario where it could conceivably be useful. *See Encompass Ins.*, 902 F.3d at 153–54 (allowing snap removals "may be peculiar" because it allows an at-home defendant to remove "however, the outcome is not so outlandish as to constitute an absurd or bizarre result").

Moreover, the absurdity of allowing snap removals must be judged relative to the absurdity of ignoring or avoiding what the text plainly says. To forbid snap

6

removals would require a court to disregard the words "properly joined and served" in some cases but not others. To determine which cases require the defendant to be "properly joined and served" and which do not, courts would need to craft new, judicially invented requirements for when the words "properly joined and served" apply and when they do not. These requirements would necessarily contravene the statutory text in at least some cases by denying unserved defendants their statutory right of removal. A reasonable person could conclude that this outcome would be more absurd than simply allowing all unserved defendants to remove. *See Texas Brine*, F.3d at 486 (allowing snap removals is not absurd because "a reasonable person could intend the results of the plain language").

*Third*, allowing snap removals does not contravene express legislative intent. "Congress' inclusion of the phrase 'properly joined and served' addresses a specific problem—fraudulent joinder by a plaintiff—with a bright-line rule." *Encompass Ins.*, 902 F.3d at 153; *Vivas*, 486 F. Supp. 2d at 734 ("The purpose of the joined and served requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve"). Snap removals do not contravene this intent: on the contrary, keeping the bright-line rule as a bright line, with its requirement of proper service in addition to proper joinder, decreases the likelihood that cases might be improperly remanded due to fraudulent joinder.

In any event, the statute says what it says. As at least one other judge in this district has observed, it is within Congress's purview to determine, in its discretion,

7

whether to credit the view that the "properly joined and served" requirement renders the forum-defendant rule too narrow. *See D.C. by & through Cheatham v. Abbott Labs. Inc.*, 323 F. Supp. 3d 991, 996 (N.D. Ill. 2018).

Two additional points merit consideration. West Bend cites (in passing) *Bowman v. PHH Mortg. Corp.*, where a judge in the Northern District of Alabama held that, even under a plain-text approach to Section 1441(b)(2), snap removals should be barred when there is only one defendant. In the *Bowman* court's view, the statute's use of the word "any" implies that at least one defendant must have been properly joined and served prior to removal. 423 F. Supp. 3d 1286, 1289-90 (N.D. Ala. 2019). This interpretation has been adopted by at least two other courts. *See Gentile v. Biogen Idec, Inc.*, 934 F.Supp.2d 313, 322 (D. Mass. 2013); *Hawkins v. Cottrell, Inc.*, 785 F. Supp. 2d 1361, 1377-78 (N.D. Ga. 2011).

With respect, this Court takes a different view. "Any" can be either singular or plural; it therefore does not necessarily imply that multiple defendants must be present for the "properly served" language to apply. *See* Bryan A. Garner, Garner's Dictionary of Legal Usage 65-66 (3d ed. 2011). Either way, the statute is more naturally read as categorically allowing any unserved defendant—even a defendant that stands alone—to remove a case where jurisdictional requirements are met and before any other defendant is both properly joined *and* served. *See CropLife Am., Inc. v. City of Madison*, 432 F.3d 732, 735 (7th Cir. 2005) (endorsing statutory interpretation that was the "natural interpretation as a semantic matter").

8

West Bend also argues that it should not effectively be punished for: (1) notifying MSPPR's counsel of the lawsuit before service was effectuated in an attempt to resolve the matter without litigation; or (2) declining to burden the state court with an emergency request for a special process server while the court was closed due to the COVID-19 pandemic (which may have resulted in service being completed before MSPPR removed the case). (Dkt. 13-1 at 5-6.) Although the Court is sympathetic to these equitable considerations, they do not authorize the Court to refuse to follow the plain language of Section 1441(b)(2). *Cf. US Airways, Inc. v. McCutchen*, 569 U.S. 88, 101 (2013) (precluding one party's equitable defenses from overriding plain contract terms). MSPPR's removal was proper under the statute, and the Court cannot remand the case merely because West Bend might have acted differently had it known MSPPR intended to seek removal.

### III. CONCLUSION

For the reasons set forth above, West Bend's motion to remand is denied.

SO ORDERED.

Date: February 9, 2021

JOHN F. KNESS
United States District Judge